The President
delivered the opinion of the Court.
It was objected to, by the counsel for the appellant, that the decree of the County Court having been carried into execution by the return of an habere facias possessionem, executed, the petition of appeal was made too late, and ought not to have been granted, since the supersedeas thereupon awarded, could have nothing to operate upon.
A supersedeas in England, is merely an auxiliary-process ; and so it is, in some instances, in this country. But, in general, it is a mode by which the record of a judgment of an inferior Court is removed before a superior jurisdiction.
When merely auxiliary, it can have no effect after the decree or judgment is carried into execution; since it can only stay the proceedings in the state in which they are; but yet the suit goes on in the superior Court by the other process ; and if the judgment be reversed, a writ of restitution issues to restore the party to that of which he has been dispossessed by the execution.
Where the supersedeas is the only process, by the laws of this State, it may have one or both of those operations, as the judgment happens to be executed or not. s
At law, a party may appeal at the time the judgment is rendered; or he may afterwards obtain a writ of error, which, it is admitted, may issue after the judgment is executed.
Upon the merits, though the Court is of opinion, that the decree of the Chancellor ought to be affirmed, yet we do by no means coincide with him in the reasons and arguments upon which he seems to have grounded his opinion.
The plaintiff has stated a very fair and proper case for a Court of Equity. He was a purchaser, against *153 whom the defendant unfairly and fraudulently obtained a preference ; and, in questions like this, where fraud is suggested and proved, Courts of Equity have competent jurisdiction, and can afford the most ample and adequate relief. But, in this case, the plaintiff not having supported the allegations in his bill, which charge Wood Jones with fraud in obtaining his patent, this Court is of opinion that there is no error in the decree, and that it must be
Affirmed with costs.(1)

 Hite's heirs v. Wilson & Dunlap, 2 Hen. & Munf. 285. Wingfield v. Crenshaw 3 Hen. & Munf. 252. Noland v. Cromwell, 4 Munf. 155.